Repyneck *v.* Tarantino (et al., Appellant).

Argued May 27, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused May 2, 1961.

*David B. Skillman,* for appellant.

*Morris Mindlin,* with him *Mindlin and Sigmon,* for appellee.

OPINION PER CURIAM, March 28, 1961:

Frank Repyneck (Repyneck), an employee of Posh Construction Company (company), filed a complaint in trespass in the Court of Common Pleas of Northampton County against, inter alia, John F. Posh (Posh), who is the president, a member of the board of directors, and general superintendent of the Company, alleging that he was injured when he came into contact with the platform of a crane operated by a fellow employee in such negligent manner that it had contacted an electric current from live high voltage wires passing overhead, and that Posh was negligent in hiring and/or failing to discharge the crane oper-

ator whom he knew or should have known was habitually careless and incompetent, and in failing to require and enforce proper safety procedures by crane operators under his control and supervision.

Posh filed an answer containing new matter in which he alleged that the relationship between Repyneck and Posh was that of employee and employer and that the only liability of an employer to an employee for an injury sustained through an accident occurring in the course of his employment is that prescribed by The Pennsylvania Workmen's Compensation Act.[1] Attached to this answer as exhibits were a compensation agreement entered into between the plaintiff and Posh Construction Company and a final settlement receipt for the payment of compensation under The Pennsylvania Workmen's Compensation Act signed by Repyneck.

Fifteen days later Posh filed preliminary objections to the complaint alleging that plaintiff's injury occurred in the course of his employment by the Posh Construction Company; that Posh is charged with liability only because of his connections and associations with the Company; that the complaint fails to aver that Repyneck was not bound by the provisions of The Pennsylvania Workmen's Compensation Act at the time of the injury; and, therefore, that the court has no jurisdiction of the cause of action pleaded because exclusive jurisdiction thereof is in the Workmen's Compensation Board. The court below entered an order dismissing the preliminary objections, and Posh has appealed.

The appeal must be dismissed because it is from a nonappealable interlocutory order. Posh apparently believes that he has raised a question of jurisdiction and, therefore, that the order of the court below

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 PS §1 et seq.

disposing of it is appealable by virtue of Section 1 of the Act of March 25, 1925, P. L. 23, 12 PS §672. This belief is ill founded: *Welser v. Ealer,* 317 Pa. 182, 176 A. 429. Repyneck's complaint states a common law cause of action in trespass for negligence. The Pennsylvania Workmen's Compensation Act does not deprive the courts of jurisdiction over common law causes of action; under Section 303 of the Act, as amended, 77 PS §481, however, the parties to an employment agreement may voluntarily contract away certain of their rights to sue in tort: *Liberato v. Royer & Herr,* 81 Pa. Superior Ct. 403, 407-408 (1923), aff'd, 281 Pa. 227, 126 Atl. 257 (1924).

Posh's defense as set forth in his preliminary objections rests upon the assumption that Section 303, properly construed, means that an employee, by accepting the provisions of Art. III of the Act, surrenders his right to sue an executive officer of his corporate employer for damages resulting from injuries incurred in the course of his employment proximately caused by the officer's negligent performance of an executive function. This defense is akin to the affirmative defense that Posh is the beneficiary of a release or covenant not to sue given by Repyneck for good consideration. We expressly refrain from determining whether or not this defense is meritorious; all that we now decide is that it is not jurisdictional.

Appeal dismissed.