Matthews, Appellant, *v.* Malloy et al.

Argued September 15, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*A. Arthur Hanamirian,* with him *McEldrew, Hanamirian, McWilliams, Quinn & Bradley,* for appellant.

*Stephen L. Hymowitz,* with him *Bernard M. Gross* and *Gross, Sklar & Lorry,* for appellee.

OPINION BY JACOBS, December 10, 1970:

On January 12, 1963, a collision occurred in Philadelphia between a vehicle driven by appellant, Francis J. Kushner, and one driven by Claire Malloy and owned by Steven Toth. Appellee, Robert J. Matthews, was a passenger in the Kushner car. Matthews and Kushner commenced this negligence action against Malloy and Toth. After defendants joined Kushner as an additional defendant, Kushner in his position as plaintiff discontinued his suit against defendant.

Toth's automobile was uninsured and prior to the trial of this case Matthews filed an uninsured motorist claim with Allstate Insurance Company, Kushner's insurer. The matter was submitted to arbitration [1] and Matthews received approximately $8,800 from Allstate.[2]

About one year after the arbitration award, the jury returned a verdict in favor of Matthews against Malloy and Kushner in the amount of $6,000 in this action. Judgment was entered against Malloy and Kushner on

---

[1] The record of the arbitration proceeding is not before us, but all parties and the court below agreed that there was such a proceeding resulting in the award.

[2] A passenger in the named insured's automobile is an insured who is protected by the uninsured motorist clause of Allstate's policy.

April 7, 1969. Seven days later, Matthews began attachment proceedings against Allstate by filing interrogatories and naming Allstate as garnishee. The interrogatories were answered by Allstate who raised on its own behalf the defense later raised by Kushner in his petition to satisfy the judgment. So far as the record shows, nothing more has been done in the attachment proceedings and no execution has been issued against Kushner.

On September 25, 1969, Kushner filed a petition to mark the verdict satisfied and/or to satisfy the judgment as to him on the ground that his policy with Allstate provided that any award made under the uninsured automobile portion of the policy should be applied in reduction of any amount recoverable by the same person under the bodily injury liability portion of the policy. The lower court denied Kushner's petition to satisfy, holding that his defense was an affirmative one which he had waived by failing to plead it. Both Kushner and Allstate have appealed.

The narrow issue in this case is the right of an additional defendant who participated in an adverse negligence trial to raise an affirmative defense which he failed to plead or raise prior to judgment in a motion to satisfy that judgment. On that narrow issue we affirm the lower court.

In his motion to satisfy, Kushner, the named insured, raised a defense which is set forth under the limits provisions of Section II of his policy with Allstate. Section II is entitled "Protection Against Bodily Injury by Uninsured Automobiles." The portion of the policy relied upon by Kushner reads as follows: "If claim is made under this Section II and claim is also made against any person who is an insured under Coverage A of the policy on account of bodily injury sustained in an accident by a person who is an insured under this Section II: 1. any payment made

under this Section II to such insured shall be applied in reduction of any amount which he may be entitled to recover from any person who is insured under Coverage A . . . ." When, as here, a defendant relies upon a fact specifically mentioned in a policy of insurance to relieve him of a liability generally assumed in a policy, it is an affirmative defense. *Zenner v. Goetz*, 324 Pa. 432, 188 A. 124 (1936). The policy was written and intended to cover Kushner's liability for injury caused by his negligence. When Kushner was joined as an additional defendant, he was charged with negligence. It was his duty to plead his defense because it was not simply a denial of negligence, but proof of facts outside the issue of negligence. See *Kine v. Forman*, 404 Pa. 301, 172 A. 2d 164 (1961), for a discussion of what must be pleaded as new matter.

Pa. R.C.P. No. 1045 (b), which is applicable to the action of trespass, provides, *inter alia,* as follows: "All affirmative defenses, including but not limited to those enumerated in Rule 1030 . . . shall be pleaded under the heading 'New Matter' . . . ." Pa. R.C.P. No. 1032, which applies to trespass as well as assumpsit, provides: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply" with the exception of four defenses not here applicable. It follows, therefore, that all affirmative defenses in trespass are required to be pleaded and when not pleaded are waived and cannot be raised in a motion to satisfy an adverse judgment.

We deem it necessary to comment on the future course of this case. Allstate, the garnishee, takes the position that it has been put out of court by the lower court's order. We disagree. An examination of the record shows that Allstate, although it could have petitioned to intervene at any time, never became a party until it was joined as garnishee. Not being a party to the prejudgment proceedings, it had no duty to plead

any defense at that time and cannot be subjected to the sanction of Rule 1032 at this point in the case. It can raise any proper defense or counterclaim it may have in the attachment proceedings which, as between Matthews and Allstate, "shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit." Pa. R.C.P. No. 3145(a).

Appellee has questioned the right of either Kushner or Allstate to appeal. We have refrained from deciding that question because we prefer to affirm. This case may not be considered as a precedent for appeal rights.

Order affirmed.

MONTGOMERY and HOFFMAN, JJ., concur in the result.