419 A.2d 488

**TURNER CONSTRUCTION COMPANY, Appellant,**

v.

**Margaret HEBNER, Administratrix of the Estate of Clifford Hebner, Sr., Deceased,**

**and**

**Falcon Steel Company.**

Superior Court of Pennsylvania.

Argued June 21, 1979.

Filed March 7, 1980.

342

Kean K. McDonald, Philadelphia, for appellant.

Max Meshon, Philadelphia, for Margaret Hebner, appellee.

Charles W. Craven, Philadelphia, for Falcon Steel Co., appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HESTER, Judge:

Appellant Turner Construction Company brings this appeal from an Order of the lower court sustaining appellee Hebner's preliminary objections to Turner's Answer and New Matter. The pivotal question is whether, in a trespass action, an employer may waive the defense of the Workmen's Compensation Act by failing to timely plead. We agree with the court below that in the circumstances herein the defense was waived and will therefore affirm.

On July 3, 1972, appellee's decedent Clifford Oliver Hebner was killed while in the employ of DIC Concrete Corporation (DIC) at a construction site in Philadelphia. Suit was instituted by his widow on May 7, 1973 in the Court of Common Pleas, Philadelphia County, against Turner as "a contractor" and appellee Falcon Steel as "a sub–contractor" responsible for Hebner's death. It was alleged that the deceased was in the employ of DIC at the time of the accident, but there was no allegation that DIC itself was a sub–contractor or that any of the other defendants were general contractors over DIC.

Counsel for Turner entered an appearance and three years passed during which the parties exchanged interrogatories and took depositions. On May 25, 1976, Turner attempted to join DIC and another sub–contractor as additional defendants. On motion, the trial court struck Turner's complaint against the additional defendants because of untimeliness. See Pa.R.C.P. 2253.

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Thereafter, on January 7, 1977, Turner filed an Answer and New Matter alleging for the first time that it was the statutory employer of the decedent and thus the Workmen's Compensation Act provided a bar to the suit in trespass. Appellee Hebner then filed preliminary objections in the form of a motion to strike off the Answer and New Matter averring that the pleading was untimely, did not conform to rules of court, and that appellee would be prejudiced if the late filing were allowed. The court sustained the preliminary objections and denied Turner's motion for reconsideration. This Court allowed an interlocutory appeal by Turner by order dated August 1, 1977. See, Pa.R.App.P. 1301 et seq.

The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, § 101 et seq., as amended, (77 P.S. § 1 et seq.) is, of course, remedial legislation designed to afford a workman a measure of protection against injuries and relief in cases of accident apart from the common law of trespass and negligence. "By virtue of the . . . Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated." *Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839–40 (1956); *Swartz v. Conradis*, 298 Pa. 343, 148 A. 529 (1929); *Atkins v. Urban Redevelopment Auth.*, 263 Pa.Super. 37, 396 A.2d 1364 (1979); 77 P.S. § 481; Skinner, Pa. Workmen's Comp. Law, p. 15. The "statutory employer" provision, § 302(b) (77 P.S. § 462) extends liability under the Act to any "employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance . . . of a part of such employer's regular business entrusted to that employee . . . ." See, *Stipanovich v. Westinghouse Electric Corp.*, 210 Pa.Super. 98, 231 A.2d 894 (1967). In its Answer and

New Matter, appellant Turner averred that it was a statutory employer of the deceased within § 302(b) and that its liability should be limited to that provided by the Act.

We think the Rules of Civil Procedure and a consideration of the nature of a defense under the Workmen's Compensation Act compels the conclusion that the lower court was correct in striking Turner's pleading. Rule 1030, applicable to trespass actions by Rule 1041, provides:

> All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment, release, res judicata, and waiver and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading "New Matter." See also Rule 1045.

While a defendant in a trespass action is normally not required to file an Answer, Rules 1030 and 1045 are mandatory in that affirmative defenses *must* be timely plead, under penalty of waiver. Goodrich–Amram 2d, § 1045(a): (1). The dispute both below and on appeal has centered on whether the "statutory employer" defense is an affirmative defense under the Rules, making it waivable, or whether the Workmen's Compensation Act is a type of defense which can never be waived.

We must first of all reject appellant's contention that the Act, where applicable, is a bar to a court's subject matter jurisdiction, which would allow the defense to be raised at any time, even by the court *sua sponte*. Rule 1032 (2); *Chemical Nat. Resources v. Republic of Venezuela*, 420 Pa. 134, 215 A.2d 864 (1966); *Bell Appeal*, 396 Pa. 592, 152 A.2d 731 (1959); *Leveto v. National Fuel Gas Dist. Corp.*, 243 Pa.Super. 510, 366 A.2d 270 (1976). The Supreme Court has long held that the Act does not deprive the courts of jurisdiction over the subject matter of common law causes of action. *Repyneck v. Tarantino*, 403 Pa. 300, 169 A.2d 527

(1961); *Welser v. Ealer*, 317 Pa. 182, 176 A. 429 (1935). "[T]he fact that a plaintiff is precluded from recovering damages for injuries because of an affirmative defense or by any method or procedure other than that prescribed by statute . . . does not raise a question of jurisdiction . . . over the cause of action." *Vendetti v. Schuster*, 418 Pa. 68, 72, 208 A.2d 864, 866 (1965).[1]

Nor do we find this is a case where the Act's provisions will *presumptively* apply if the plaintiff fails to allege in the complaint rejection thereof. "A complaint may be dismissed if it discloses an employer–employee relationship but does not allege facts taking the case out of the exclusive coverage of the Act." 42a P.L.E. p. 430; *Ventura v. Skylark Motel*, 431 Pa. 459, 246 A.2d 353 (1968); *Hyzy v. Pittsburgh Coal Co.*, 384 Pa. 316, 121 A.2d 85 (1956); *Swartz v. Conradis*, 298 Pa. 343, 148 A. 529 (1929); 3 Pa.Std.Pa.Prac. § 216. The complaint in the instant case does not, on its face, disclose an employer–employee relationship between Turner and appellee's decedent. Turner is alleged to be "a contractor" while the status of the decedent's employer DIC is not plead. Absent an allegation that DIC was a sub–contractor of Turner, we cannot say the complaint disclosed an employer–employee relationship. The presumptive coverage of the Act thus did not take hold, hence requiring Turner to set forth facts showing that an employer–employee relationship had "sprung into existence." *Swartz*, supra.

We agree with the court below that the affirmative defense of "immunity" encompasses a defense under the Workmen's Compensation Act. "[W]here an accident is covered by the Workmen's Compensation Act, the employer is *immune* from suit by the employee . . . [The statutory employer is likewise] *immune* from common law liability for negligence to the employee of his subcontractor". Feldman, Trial Guide, § 21.8, 21.9 (1978) (emphasis added). Pennsylvania cases have often suggested that an allegation

1. Some dicta in other cases might suggest a contrary result. *American Casualty Co. v. Kligerman*, 365 Pa. 168, 74 A.2d 169 (1950); *Stewart v. Uryc*, 237 Pa.Super. 258, 352 A.2d 465, n.2 (1975).

of defense of the Workmen's Compensation Act to a trespass action is in the nature of an immunity and an affirmative defense. *DeJesus v. Liberty Mutual Insurance Co.*, 439 Pa. 180, 268 A.2d 924 (1970); *Stone & Webster Eng. v. Heyl & Patterson, Inc.*, 261 Pa.Super. 150, 395 A.2d 1359 (1978); *Flanders v. Hoy*, 230 Pa.Super. 322, 326 A.2d 492 (1974); *Pape v. Smith*, 227 Pa.Super. 80, 323 A.2d 856 (1974). Since the affirmative defense of immunity must be timely plead by the one asserting it, Rule 1030, a failure to so plead will result in waiver;[2] cf. *Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 331 A.2d 912 (1974).

*Socha v. Metz*, supra, 385 Pa. 632, 123 A.2d 837 (1956), relied upon heavily by appellant, is not to the contrary. There, the employer was joined as an additional defendant by the original defendant, a non–employer, in order to protect the original defendant's right to contribution from the employer. The employer failed to raise the defense of the Workmen's Compensation Act, until the judgment for plaintiff was sought to be enforced. The court held that the defense was not waived since the employer was precluded at trial, because of possible prejudice to the plaintiff, from introducing the employer–employee relationship and the limitation of liability under the Act. "It would be utterly vain to require a litigant to plead something which, as a matter of law, he will not be permitted to prove or read into evidence at trial." Thus, the employer had not waived its defense and could assert it at the execution stage. See also, *Hinton v. Waste Techniques Corp.*, 243 Pa.Super. 189, 364 A.2d 724 (1976); *Burke v. Duquesne Light Co.*, 231 Pa.Super. 412, 332 A.2d 544 (1974).[3] In the present case, of course,

**2.** In *Repyneck v. Tarantino*, supra, 403 Pa. 300, 169 A.2d 527, 528 (1961), the Supreme Court stated that the defense of the Workmen's Compensation Act "is akin to the affirmative defense that [employer] is the beneficiary of a release or covenant not to sue by [employee] for good consideration." Under this construction, the defendant is still required to plead "release" under Rule 1030.

**3.** The 1974 Amendments to the Act now bar the joinder of plaintiff's employer as an additional defendant in an action brought by the plaintiff–employee against a third party. 77 P.S. § 481(b). See,

there was nothing to prevent Turner from asserting its Workmen's Compensation immunity at trial. Thus, there is no reason to relieve it of the burden of pleading the defense. The rationale of *Socha* is simply not apposite.

Finally, the lower court found that appellee would be prejudiced if Turner should be allowed to plead its defense at this late date. The court found that the "delayed filing will substantially prejudice plaintiff in that plaintiff's ability to sue on the underlying cause of action other responsible parties has been cut off by the Statute of Limitation." Opinion at 3. We cannot say such a determination manifested an abuse of the lower court's discretion to disallow the late pleading. See, *Pugh v. Bankers Mutual*, 206 Pa.Super. 136, 211 A.2d 135 (1965).

Order affirmed.

*Atkins v. Urban Redevelopment Auth.*, 263 Pa.Super. 37, 396 A.2d 1364 (1979).