429 A.2d 28

**Edith MACKEY, Appellant,**

v.

**Catherine ADAMSKI and Rita Donnelly.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed April 24, 1981.

Reconsideration Denied August 10, 1981.

David A. Scott, Pittsburgh, for appellant.

Asher Winikoff, Pittsburgh, for Adamski, appellee.

458

John E. Kunz, Pittsburgh, for Donnelly, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

On September 10, 1972, plaintiff Edith Mackey was injured while riding as a passenger in a car, operated by defendant Rita Donnelly, which collided with a car operated by defendant Catherine Adamski. Plaintiff commenced this trespass action, alleging negligence by both operators,[1] on September 5, 1974. Both defendants entered appearances, but neither filed an answer.[2]

Over the next three and a half years, the parties engaged in extensive discovery and other pre-trial proceedings, and the case was finally placed on the master trial list to be called on March 8, 1978. On March 1, 1978 defendant Adamski filed in the court below a paper labeled "AN-

---

1. Originally the suit was also filed against the vehicles' owners, but they were eventually dropped as defendants by the filing of a stipulation to amend the caption.

2. This is a proper procedure in a trespass action, in which the filing of an answer is not required, and entry of appearance by itself will bar a default judgment against the defendant. *Fleck v. McHugh*, 241 Pa.Super. 307, 311–12, 361 A.2d 410, 412 (1976). The effect of failure to file an answer is determined under Pennsylvania Rule of Civil Procedure 1045, which provides:

 (a) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied.

 (b) All affirmative defenses, including but not limited to those enumerated in Rule 1030, and the defenses of consent, qualified privilege, fair comment, truth and justification, and, unless previously raised by demurrer and sustained, the defenses of statute of limitations and statute of frauds shall be pleaded under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. The defenses of contributory negligence and assumption of risk need not be pleaded. A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of risk.

SWER," raising for the first time the defense of section 205 [3] of the Workmen's Compensation Act, which provides:

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

On March 2, 1978 defendant Donnelly filed a paper labeled "NEW MATTER," also raising this defense for the first time.

On March 3, 1978 plaintiff filed motions to strike both Adamski's "ANSWER" and Donnelly's "NEW MATTER," on the ground that the workmen's compensation defense was an affirmative defense which must be raised in a responsive pleading, Pa.R.C.P. 1045(b),[4] and since defendants failed to raise the defense in an answer filed within 20 days of the complaint, Pa.R.C.P. 1026,[5] it was waived. Pa.R.C.P. 1032.[6]

3. Act of June 2, 1915, P.L. 736, art. II, § 205, *added* August 24, 1963, P.L. 1175, No. 496, § 1, 77 P.S. § 72 (Supp. 1980–1981).

4. *See* note 2, *supra.*

5. Pennsylvania Rule of Civil Procedure 1026 provides:
 Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead. Pa.R.C.P. 1026. A 1979 amendment deleted the word "responsive" in order to make clear that the rule also applies to preliminary objections. *See* Explanatory Note—1979 to Pa.R.C.P. 1026 (Supp. 1980–1981).

6. Pennsylvania Rule of Civil Procedure 1032 provides:
 A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted or by motion for judgment on the pleadings or at the trial on the merits, and
 (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that

The motions to strike were eventually denied on August 29, 1978 in an order by Judge Papadakos.[7] That order also allowed plaintiff [8] to file replies to defendants' pleadings by September 5, 1978, and plaintiff timely filed these replies. The case was then assigned for trial to Judge Wekselman, before whom a jury was empanelled on September 26, 1978. After jury selection, the parties agreed to submit to Judge Wekselman the issue of whether section 205 of the Workmen's Compensation Act barred the suit. The jury was dismissed. Counsel for the parties entered into and filed a stipulation of facts relevant to the workmen's compensation defense. Based on the stipulated facts, Judge Wekselman determined that section 205 barred the suit. He also stated that he believed the appropriate motion for defendant to make would be for a compulsory non-suit.[9] Defendants' counsel made these motions, which were granted and entered by Judge Wekselman.

> there has been a failure to join an indispensable party, the court shall dismiss the action.
> Pa.R.C.P. 1032.

7. Plaintiff has included in the reproduced record a copy of what purports to be an opinion by Judge Papadakos, dated May 30, 1979, explaining the reasoning behind his August 29, 1978 order denying the motions to strike. This order has not been included with the papers in the original record certified to this court, probably because even if it was "filed in the lower court," Pa.R.A.P. 1921, the filing would have taken place about four months after the appeal was taken on February 2, 1979, long after the 40-day period for transmittal of the record had expired. See Pa.R.A.P. 1931. If the contents of this opinion were necessary to decide the case, we could remand to have the original included with the other papers of the original record. See Pa.R.A.P. 1926; cf. Commonwealth v. Rini, 285 Pa.Super. 475, 482, n.6, 427 A.2d 1385, 1389, n.6 (1981). We have been able to dispose of the case without consideration of anything in this opinion, and there is no need for a remand for this purpose.

8. The order actually said "Defendants" where "plaintiff" was obviously intended, but this error did not confuse anyone.

9. Judge Wekselman expressed concern that he not influence the outcome of the case by the form in which he entertained the motion. The form has not affected our disposition, although summary judgment under Rule of Civil Procedure 1035 would probably have been more appropriate. See, e. g., English v. Lehigh County Authority, 286 Pa.Super. 320, 312, 428 A.2d 1343, 1346 (1981).

Plaintiff filed a motion to take off the compulsory non-suit, which was denied by a court en banc consisting of Judges Wekselman and Silvestri. In this appeal from that denial, plaintiff contends: (1) that Judge Papadakos erred in denying the motions to strike the pleadings raising the workmen's compensation defense; and (2) that Judge Wekselman erred in his determination that the workmen's compensation defense was applicable. We need not decide the second issue, because we agree with plaintiff that the court below should have struck defendants' pleadings, because they were filed untimely without leave of court or plaintiff's filed consent.

Defendants both contend that section 205 of the Workmen's Compensation Act does not provide an affirmative defense, but rather deprives the common pleas court of subject matter jurisdiction of a common law action against a person "in the same employ." Thus, defendants argue, it did not matter when or how the workmen's compensation defense was raised, since any party, or even the court sua sponte, may raise the question of subject matter jurisdiction at any time. Pa.R.C.P. 1032(2).[10] This argument would appear to be answered in an opinion last year by Judge Hester:

We must first of all reject appellant's contention that the [Workmen's Compensation] Act, where applicable, is a bar to a court's subject matter jurisdiction, which would allow the defense to be raised at any time, even by the court *sua sponte*. Rule 1032(2); [citing cases]. The Supreme Court has long held that the Act does not deprive the courts of jurisdiction over the subject matter of common law causes of action. *Repyneck v. Tarantino*, 403 Pa. 300, 169 A.2d 527 (1961); *Welser v. Ealer*, 317 Pa. 182, 176 A. 429 (1935). "[T]he fact that a plaintiff is precluded from recovering damages for injuries because of an affirmative defense or by any method or procedure other than that prescribed by statute ... does not raise a question of jurisdiction ... over the cause of action."

10. *See* note 6, *supra*.

*Vendetti v. Schuster*, 418 Pa. 68, 72, 208 A.2d 864, 866 (1965).

*Turner Construction Company v. Hebner*, 276 Pa.Super. 341, 346, 419 A.2d 488, 490–91 (1980) (footnote omitted). While *Turner Construction* involved the employer's defense under section 303 [11] of the Workmen's Compensation Act, both the language of its holding and the reasoning throughout the opinion are broad enough to encompass the fellow employee's defense under section 205.

Defendants, however, have raised an apparently strong argument, which calls into question the *Turner Construction* interpretation of section 303. Defendants rely on *Stewart v. Uryc*, 237 Pa.Super. 258, 260–61, 352 A.2d 465, 467–68 (1975), in which the lower court had granted summary judgment for the defendant in a negligence suit, on the ground that the minor plaintiff's sole remedy was under the Workers' Compensation Act. The complaint had been filed on July 18, 1969, and the workmen's compensation defense was raised for the first time in new matter contained in an answer filed October 18, 1974. Thus the case on appeal was in an identical posture to the case before us, and the plaintiff-appellant raised the same two arguments before us here: (1) that the trial court erred in considering the issue at all, because it was raised untimely; and (2) that the trial court erred on the merits by determining that the Act was applicable. Before reversing the lower court on the merits, this court's majority opinion rejected the plaintiff's first contention as follows:

Appellee's answer was filed more than five years after the filing of the complaint without either leave of court or permission of counsel for minor plaintiff. Nevertheless, minor plaintiff failed to file preliminary objections. In his brief in opposition to the motion for summary judgment, however, minor plaintiff contended that the new matter contained conclusions of law which did not require a

11. Act of June 2, 1915, P.L. 736, art. III, § 303, 77 P.S. § 481. Under the amendment of December 5, 1974, P.L. 782, No. 263, § 6, effective in 60 days, the same subject matter is covered at 77 P.S. § 481(a) (Supp. 1980–1981).

response. In its opinion, the lower court stated: "Since plaintiffs' objections to the answer and new matter have been raised only in the briefs they are not part of the record and cannot be considered at this time."

On May 29, 1975, minor plaintiff petitioned the court below for reargument, alleging that the court erroneously considered appellee's new matter in passing on the motion for summary judgment. The court denied the motion orally in order to enable minor plaintiff to effect a timely appeal from the order granting the motion for summary judgment. The court later placed a memorandum on the record which responded to minor plaintiff's petition for reargument:

"Plaintiffs in this case contend that this court's decision is based on conclusions of law contained in new matter filed by the defendant.

"In its decision, the court did state that plaintiffs could not attack the answer and new matter by way of their brief, but rather the proper means was by way of preliminary objections.

"In arriving at its decision, the court only relied on the complaint, depositions, and the motion for summary judgment, in resolving whether there was a genuine issue as to any material fact. The court found none and granted the motion for summary judgment.

"This is an action in trespass in which a complaint and entry of appearance for the defendant were filed. The late answer improperly filed without court permission or stipulation of counsel, was not considered by the court."

Minor plaintiff now contends that the "defense" of the applicability of the Workmen's Compensation Act cannot be asserted for the first time in a motion for summary judgment:

". . . all affirmative defenses in trespass are required to be pleaded and when not pleaded are waived and cannot be raised in a motion to satisfy an adverse judgment." *Matthews v. Malloy*, 217 Pa.Super. 338, 341, 272 A.2d 226, 228 (1970), citing Rules 1032 and 1045, Pa.R.C.P. It is

464

certainly true that Rule 1045 requires all affirmative defenses to be pleaded under new matter and Rule 1032 provides, with certain exceptions, that "[a] party waives all defenses and objections which he does not present either by preliminary objection, answer or reply ..." However, Rule 1032(2) requires that the court dismiss an action whenever "it appears by suggestion of the parties or otherwise that the court lack jurisdiction of the subject matter ..." This is such a case. If in fact an employer-employee relationship existed, the court below would have no jurisdiction to entertain the instant suit, as the exclusive forum for resolution of the minor plaintiff's claim would be that provided by the Workmen's Compensation Act. Because the defense of lack of subject matter jurisdiction was not waived, appellee could rely on it in support of his motion for summary judgment. The memorandum filed by the lower court precludes our reversing on the basis that the court considered information not properly before it. Thus, the propriety of the summary judgment must be considered on its merits.

*Stewart v. Uryc, supra,* 237 Pa.Super. at 261–62 n.2, 352 A.2d at 468 n.2.

 *Turner Construction Company v. Hebner, supra,* 276 Pa.Super. at 346 n.1, 419 A.2d at 491 n.1, mentions *Stewart v. Uryc, supra,* as one of two cases[12] containing "dicta" which "might suggest a contrary result." From the above-quoted passage, however, it would appear that Stewart represents a plain holding, rather than a mere dictum,[13] that

12. The other case, *American Casualty Company of Reading v. Kligerman,* 365 Pa. 168, 74 A.2d 169 (1950), whether or not the references in it to jurisdiction are dicta, is readily distinguishable. Plaintiff there was attempting to bring not a common law action, but rather an action under the Workmen's Compensation Act itself (viz., a petition for declaratory judgment construing a compensation agreement), in common pleas court.

13. A court's ruling on a question constitutes a holding, and thus controlling law, if it is a distinct decision on a question fairly before the court; it is dictum, and hence not controlling, if it is merely a pronouncement on a matter not necessary to the court's decision in the case. *Compare Commonwealth v. Almeida,* 362 Pa. 596, 603, 68

the workmen's compensation defense is jurisdictional. Moreover, since *Stewart* was a majority en banc opinion, it would normally be doubtful whether it could be overruled by the panel opinion in *Turner Construction Company v. Hebner, supra.* *See Commonwealth v. Manley,* 282 Pa.Super. 376, 383 n.5, 422 A.2d 1340, 1343 n.5 (1980). Nevertheless, the determination in *Stewart,* which cited no authority, must yield to the contrary Supreme Court holdings [14] on which

A.2d 595, 599 (1949) *with O'Neill v. Metropolitan Life Insurance Company,* 345 Pa. 232, 240, 26 A.2d 898, 903 (1942); *but cf. Pew Trust,* 411 Pa. 96, 104, 191 A.2d 399, 404 (1963). It appears from the extensive discussion in *Stewart v. Uryc, supra,* quoted in the text, that this court's determination that the applicability of workmen's compensation was an issue of subject matter jurisdiction was essential to its decision that the issue could be raised at any time under Rule 1032(2). Even if the court were also relying on the failure of the plaintiff in that case to file preliminary objections to the late filing without plaintiff's consent or leave of court, that would at most be an alternative ground for the decision. Where there are two or more equally valid grounds for decision, none constitutes dictum. *Commonwealth ex rel. Fox v. Swing,* 409 Pa. 241, 245, 186 A.2d 24, 26 (1962); *Commonwealth v. Boerner,* 281 Pa.Super. 505, 514 n.8, 422 A.2d 583, 587 n.8 (1980).

*Stewart v. Uryc, supra,* is discussed extensively in the text because it appears to be the only case in which the workmen's compensation defense was held jurisdictional. We shall not discuss the numerous cases in which use of the term jurisdiction is plainly dictum. *See, e. g., Henry v. Control Products Company,* 284 Pa.Super. 417, 421 n.3, 426 A.2d 116, 118 n.3 (1981).

14. Those Supreme Court cases involved the issue of whether the applicability of workmen's compensation was a "question of jurisdiction . . . over the cause of action" within the meaning of the act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (repealed). The holdings under the Act of 1925 have not been entirely clear or consistent. *See* R. Montgomery, Interlocutory Appeals in Pennsylvania, 41 Pa.B.A.Q. 398, 399–400 (1970). Often it has been applied to issues which plainly do not involve subject matter jurisdiction, venue being the most common. *See, e. g., Coleman v. Coleman,* 280 Pa.Super. 566, 568 n.2, 421 A.2d 1077, 1078 n.2 (1980). To use an example much closer to this case, one type of exclusive remedy defense (shareholders' appraisal remedy under the Business Corporation Law) is specifically held not to involve a true question of subject matter jurisdiction, even though it is treated as within the scope of the Act of 1925. *Compare Smith v. Crowder, Jr. Company,* 280 Pa.Super. 626, 641, 421 A.2d 1107, 1116 (1980) with *In re Jones & Laughlin Steel Corporation,* 263 Pa.Super. 378, 386 n.11, 398 A.2d 186, 189–90 n.11 (1979), *aff'd,* 488 Pa. 524, 412 A.2d 1099 (1980). While the Act of 1925 has frequently been expanded in this way to apply the phrase

*Turner Construction* relied. *Evans v. Blimpie Base, Inc.*, 284 Pa.Super. 256, 260 n.2, 425 A.2d 801, 802–03 n.2 (1981) (panel opinion overruling en banc opinion as inconsistent with earlier Supreme Court cases as well as the Pennsylvania Rules of Civil Procedure. We therefore hold that the Workmen's Compensation Act does not deprive the common pleas courts of jurisdiction of common law actions against employers and fellow employees,[15] but only provides an affirmative defense. Thus the lower court's consideration of the defense cannot be justified by Rule of Civil Procedure 1032(2). Defendants also failed to raise it in a timely answer, the proper way to raise an affirmative defense.

■ Only one other possible justification remains to be considered. Defendant Donnelly in her brief has pointed out that amendment to pleadings must be allowed liberally at any stage of the proceedings in the absence of prejudice to the opposing party. *E. g., Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 379–81, 293 A.2d 343, 356–57 (1972). We agree, as this portion of Donnelly's brief seems implicitly to assume, that the late pleadings filed by defendants were, in effect, an attempt to amend their

"question of jurisdiction ... over the cause of action" to issues not truly involving subject matter jurisdiction, we have reviewed dozens of cases under the Act without locating one in which it was held inapplicable to a question genuinely involving subject matter jurisdiction. Hence it is clear that the cases in which the Supreme Court held the Act inapplicable to the workmen's compensation defense are solid authority for the proposition that the defense is not subject-matter jurisdictional.

**15.** We note that if the applicability of workmen's compensation to an injury deprived the common pleas court of jurisdiction of negligence actions against employers and fellow employees, the provisions determining that applicability would have to be strictly construed. 1 Pa.C.S. § 1928(b)(7). Section 1928(b)(7) requires strict construction of provisions decreasing the jurisdiction of a court of record, and the common pleas courts are courts of record. See 42 Pa.C.S. §§ 321, 901 et seq. Strict construction of the applicability provisions of the Workmen's Compensation Act would be at odds with the totally settled principle that those provisions must be construed liberally. *E. g., Epler v. North American Rockwell Corporation*, 482 Pa. 391, 395, 393 A.2d 1163, 1166 (1978).

answers.[16] Such an attempt would require compliance with Pennsylvania Rule of Civil Procedure 1033,[17] by obtaining either filed consent of plaintiff or leave of court. As President Judge Smith stated in *Grasso v. City of Philadelphia*, 89 D. & C. 136, 141 (C.P. Phila. 1954):

> The city has filed a "supplemental answer" without leave of court or without the consent of opposing counsel. Without such leave of court, the answer cannot stand. See Pa.R.C.P. 1033. The city cannot sidestep these requirements by labeling its pleading as a "Supplemental Answer." The city is actually seeking to file an amended answer and the procedure outlined by our rules must be followed. See Pa.R.C.P. 1017(a).

Here, too, regardless of the labels on defendants' pleadings, they were actually amended answers filed without plaintiff's consent or leave of court. Since this was an improper way to raise an affirmative defense, plaintiff quite properly and very promptly [18] attacked them by means of the motions to strike. Those motions explicitly raised the argument that the applicability of workmen's compensation is an affirmative defense. The fact that an affirmative defense was being raised untimely without plaintiff's consent or leave of court would, by itself, be sufficient ground to grant the motions to strike. Pa.R.C.P. 1033; *Grasso v. City of Philadelphia, supra.* Moreover, the motions specifi-

16. By merely entering an appearance in a trespass case without filing an answer, defendants had in effect answered by admitting the types of allegations explicitly listed in Rule 1045(a), while denying all other averments. *See* note 2, *supra.*

17. Pennsylvania Rule of Civil Procedure 1033 provides:
> A party, either by filed consent of the adverse party or by leave of court, may at at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted. Pa.R.C.P. 1033.

18. The preliminary objections in the form of motions to strike were filed one day after defendant Donnelly's pleading, and two days after defendant Adamski's well within the 20 day limit. *See* note 5, *supra.*

cally alleged prejudice to the plaintiff if the late pleadings were to be allowed. Defendants never filed answers to the motions, or filed anything contesting any of the motions' allegations. Neither did defendants ever correct the defect in their filings by obtaining leave of court.

■ The court below never ruled on the question of whether allowance of the late filing would be prejudicial to the plaintiff. Consequently, while we agree with defendant Donnelly's assertion that the lower court's determination on this question should not be reversed absent an abuse of discretion, e. g., *Turner Construction Company v. Hebner, supra,* 276 Pa.Super. at 348, 419 A.2d at 492, here we have no determination to review under this or any other standard. This is directly attributable to defendants' failure to comply with Rule 1033, both when the late pleadings were originally filed and for more than five months while the motions to strike were outstanding, as well as defendants' failure to oppose the allegations of prejudice in the motions to strike. We hold that defendants have waived their right to raise the workers' compensation defense under Rule 1033, because they elected to rely solely on the subject matter jurisdiction argument [19] by failure to comply substantially with the Rule in any manner despite numerous opportunities.[20]

The order of the lower court is reversed, the nonsuit removed, the pleadings raising the workers' compensation defense are stricken, and the case remanded for trial.

CERCONE, President Judge, concurs in the result.

**19.** Even in this court, defendant Adamski has not made any argument concerning whether there was prejudice to the plaintiff, and defendant Donnelly's arguments on this point are included in the portion of her brief dealing with subject matter jurisdiction argument. *Cf. Schachtel v. Bloche,* 272 Pa.Super. 32, 34 n.3, 414 A.2d 654, 655 n.3 (1979), *rearg. den'd* (1980).

**20.** Thus, our remand order should not be interpreted to allow defendants simply to raise the issue again by finally seeking leave of court at this stage.