## Mandel v. Boron

*Carl A. Belin, Jr.,* for plaintiff.
*Robert E. Wayman,* for defendant.

CHERRY, S. *J.*, June 13, 1984—This matter is before us on the motion of plaintiff to strike answer and new matter filed in the above case by defendant. It is definitely recognized that plaintiff having filed summons in trespass on January 18, 1982, and defendant thereafter having entered an appearance on November 30, 1982, ruled plaintiff to file complaint. Complaint was filed December 21, 1982; and although the deposition of plaintiff was taken by defendant on June 28, 1983, with interrogatories also having been filed on February 7, 1983, directed to plaintiff by defendant with answers of plaintiff thereon, there was no other pleading filed until March 28, 1984, when defendant filed the instant answer with new matter. The new matter raised the issue of No-fault Insurance Act. The preliminary objection requesting the court to strike the answer was filed and we now have the matter for disposition.

Pennsylvania Rule of Criminal Procedure 1026 provides:

"Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Of course, there was no requirement for the filing of an answer to the complaint in trespass, although it is permissible if all rules are complied with. The case cited by plaintiff, we believe, is very definitely pertinent to the instant case. In Mackey v. Adamski, 286 Pa. Super. 456, 429 A.2d 28, (1981), the court held:

"We therefore hold that the Workmen's Compensation Act does not deprive the common pleas courts of jurisdiction of common law actions against employers and fellow employees, 15 but only pro-

vides an affirmative defense. Thus the lower court's consideration of the defense cannot be justified by Rule of Civil Procedure 1032(2). Defendants also failed to raise an affirmative defense." Mackey v. Adamski, 286 Pa. Super 28, 429 A.2d 456, (1981) at page 45. (Footnote omitted.)

Also set forth in footnote two on page 458 of the above cited case, Judge Lipez set forth that under Pa.R.C.P. 1045. . . . .

"(a) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

The above stated case involved defendants' attempt to assert the bar of the Workmen's Compensation Act, in a trespass action, and the court granted the motion to strike on the basis that prejudice would result. This case would be just the same, in that the no-fault provisions would then be made available in prejudice to plaintiff. Also, as in the case of Mackey v. Adamski, supra, here this answer was filed well over one year after the filing of the complaint. We find that the provisions of the No-fault Act and any averment in that regard would be the pleading of an affirmative defense which cannot now be presented at this time. In view of the foregoing we enter the following

## ORDER

Now, June 13, 1984, the motion of plaintiff to strike answer and new matter in the above stated cause is granted, and the answer is stricken from the record.