515 A.2d 875

**Della LeFLAR, the Widow of Paul LeFlar and Administratrix of his estate, Appellee,**

**v.**

**GULF CREEK INDUSTRIAL PARK # 2, John A. Callahan, Jr., John R. Farrell, Thomas P. Murray, and Peerless Industries, Inc., Appellees,**

**and**

**Montgomery County Industrial Development Corporation.**

**Appeal of PEERLESS PRODUCTS, INC.**

Supreme Court of Pennsylvania.

Argued April 14, 1986.

Decided Sept. 26, 1986.

Reargument Denied Jan. 20, 1987.

575

George D. Sheehan, Jr., Philadelphia, for appellant.

Richard M. Shusterman, Philadelphia, for Gulf Creek Indus. Park # 2.

Joseph Szczepaniak, Earl T. Britt, (Phila Co.) David LeFlar, Philadelphia, for Della LeFlar.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Peerless Products, Inc. has filed an appeal from the Superior Court's per curiam affirmance of a judgment entered against it by the Philadelphia County Court of Common Pleas in a wrongful death and survival action, 337 Pa.Super. 635, 487 A.2d 443. The action arose out of the fatal injuries sustained by Paul LeFlar on May 28, 1978 when he was struck by a wooden beam while attempting to repair sagging roof beams located at Gulf Creek Industrial Park. As his widow and administratrix of his estate, Appellee Della LeFlar initiated the action against Gulf Creek Industrial Park # 2 (Gulf Creek), John A. Callahan, Jr., John R. Farrell, Thomas P. Murray, Peerless Industries, Inc., Montgomery County Industrial Development Corporation, and Appellant Peerless Products, alleging the injuries resulted from the defendants' negligence in failing to maintain the premises and to make proper inspections and in failing to warn of dangers on the premises. The Industrial Park was owned by Gulf Creek, a partnership comprised of Callahan, Farrell, Murray and Peerless Industries, Inc., a corporation which is unrelated to Peerless Products. Peerless Products leased the property on which the accident occurred from Gulf Creek. The named individual defendants were also corporate officers of Peerless Products. David LeFlar, the decedent's brother, was joined as an additional defendant. He was hired by Peerless Products to renovate the property and had chosen the decedent, among others, to assist him.

Immediately before trial, the Appellee[1] executed a joint tortfeasor release of Gulf Creek, Callahan, Farrell, Murray, Peerless Industries, Inc., and Montgomery County Industrial Development Corporation for $232,280, expressly reserving the right to proceed against Peerless Products, its

---

1. Appellees Gulf Creek, Callahan, Farrell, Murray and Peerless Industries joined only in the argument on the fourth issue raised by Appellee Della LeFlar, infra. Any reference to the Appellee made herein is to Della LeFlar.

servants, employees, agents, officers, directors or insurers.[2] Following a jury trial, a verdict was returned in favor of the Appellee against Peerless Products and David LeFlar in the amount of $800,000. The decedent was found to have been 30% contributorily negligent, Peerless Products 60% negligent, and David LeFlar 10% negligent. The jury determined that Gulf Creek, Callahan, Farrell, and Murray were not negligent. The trial court molded the verdict to reflect the decedent's negligence and assessed delay damages of $115,989 pursuant to Pa.R.C.P. 238. Post-trial motions filed on behalf of Peerless Products were denied by the trial court. The judgment entered was subsequently affirmed by order of the Superior Court, and Appellant's petition for allowance of appeal from that order was granted.

The Appellant has raised four issues in this appeal: (1) whether the trial court erred in failing to enforce the joint tortfeasor release in favor of Peerless Products; (2) whether a new trial should have been awarded due to an allegedly inconsistent verdict; and (3) whether the trial court erred in refusing it leave to cross-claim against Gulf Creek; and (4) whether the trial court erred in refusing to permit an amendment to its answer to assert the defense of the Workmen's Compensation Act. Because the first three issues were correctly resolved by the lower courts, it is necessary for this Court to address only the issue of whether it was error to refuse to grant the Appellant leave to amend its answer to plead the defense of the Workmen's Compensation Act.

The Appellee's amended complaint, filed on March 5, 1980, stated generally the allegations of negligence asserted against the defendants, the defendants' names and addresses, and the injuries which the decedent suffered. The amended complaint described the Appellant as owning, occupying, and controlling the premises on which the incident had occurred. Other than stating the decedent had been

2. The record indicates that the Appellee also requested, and the parties agreed, that her claim against Montgomery County Industrial Development Corporation be dismissed with prejudice. [R. 206a].

"working in a building owned by the defendants ..." on May 24, 1978, the status of the decedent was not defined. [R. 12a–18a]. To the contrary, any specific statement of the decedent's relationship to the defendants was notably absent. No allegation was made that the decedent was an employee of any of the defendants; nor was it asserted that he was an independent contractor. In its answer, which was filed on May 16, 1980, the Appellant denied that it owned, occupied, or controlled the premises, but admitted to leasing a portion thereof. [R. 25a]. Gulf Creek filed an answer and new matter four days later in which it was stated, "In the event that the decedent is found to be an employee of Gulf Creek, plaintiff's claims are barred by the Worker's Compensation Act." [R. 30a]. In her reply to this new matter, the Appellee stated only that this averment, among others, was a conclusion of law to which no response was required and was denied. [R. 34a].

On December 31, 1981, the Appellant sought leave to amend its answer to the amended complaint to add ·a paragraph as follows:

If it is shown at trial that Peerless Products, Inc. was the employer of Paul LeFlar at the time of his accident of May 24, 1978, then Plaintiff cannot recover from Peerless Products, Inc. in this action and her rights as to this Defendant are provided exclusively by the Workmen's Compensation Act of Pennsylvania, Act of 1915, June 2, P.L. 736, as amended.

[R. 40a]. It was noted that no averment of employment had been made in the amended complaint.

The motion was prompted apparently by the antithetical position taken by the Appellee in filing a workmen's compensation claim while continuing to pursue the civil action in common pleas court.[3] This paradox was acknowledged by

3. The confusion as to the decedent's status which has arisen from the pleadings could have been easily avoided by either of the parties. In the first instance, the amended complaint should have stated clearly the Appellee's position as to whether the decedent was or was not an employee of the Appellant. The Appellee having failed to do so, the

the Appellee in her response to the motion in which it was stated that she had filed a fatal claim petition on May 14, 1981 against the Appellant. The response stated also that during her deposition of August 11, 1981, the Appellee asserted that the Appellant was the decedent's employer at the time of the accident. [R. 51a–53a].

The Appellant, on the other hand, has consistently maintained that the decedent was not its employee.' Further procedural problems arose, however, when the Appellant's answer to the workmen's compensation claim was not filed timely. The workmen's compensation referee then determined that the allegations in the claim petition, including the employer-employee relationship, were deemed admitted. A petition for reconsideration of the referee's decision filed by Appellant was held in abeyance pending disposition of the tort action. [R. 256a].

Confronted by this procedural labyrinth, the trial judge felt constrained to follow the previous rulings by the Superior Court that the defense of the Workmen's Compensation Act is an affirmative defense which is waived if not timely raised. During argument on the motion, the trial judge stated,

... Whether they (Peerless Products) were any employer at all, is a question before this jury, and to what extent that they were directed him and so forth. [sic]

Now, if the jury should find in favor of the Plaintiff and against Peerless Products, and if the Workmen's Compensation Board should find that he's entitled to Compensation, then you will have a problem to take up to an Appellate Court but I have no jurisdiction over the Compensation claim.

They have no jurisdiction over this. You didn't plead it as an affirmative defense, and so far as this trial is concerned, we have to proceed, and as I say, I'm sure you will not be stuck twice. The Courts would never allow

Appellant should have filed preliminary objections for a more specific pleading.

that but I cannot—I have no jurisdiction over the Compensation Board.

[R. 260a–261a].

On appeal from the trial court's denial of post-trial motions, the Superior Court, citing its own decision in *Mackey v. Adamski,* 286 Pa.Super. 456, 429 A.2d 28 (1981), stated that the Workmen's Compensation Act is an affirmative defense which is waived if not timely raised.[4] Reasoning that it was within the trial court's discretion to grant or deny permission to amend the pleading, the Superior Court concluded that the trial court did not abuse its discretion in denying the Appellant leave to amend its answer at the time of the request. We now reverse.

In *Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956), we held that an employer had not waived the immunity from a negligence action provided by the Workmen's Compensation Act by raising it for the first time when the plaintiff sought to execute on a judgment she had secured against the employer. We stated,

It (the Workmen's Compensation Act) is the *whole* liability under the parties' statutory agreement to be bound by the provisions of the Act, and, where such an agreement exists, the injured employee has no other right of action. By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries is abrogated.... It is plain enough therefore, that there is no need for a "limited liability" defense or any other defense to a nonexistent right of action.

---

**4.** *But see, Anskis v. Fischer,* 326 Pa.Super. 374, 474 A.2d 287 (1984), appeal dismissed as improvidently granted, 507 Pa. 427, 490 A.2d 437 (1985) (failure to raise Workmen's Compensation Act until twenty-three months after service of complaint did not bar them from such immunity although not timely filed).

385 Pa. at 637, 123 A.2d at 839–40. [Emphasis supplied]. The exclusivity of the Workmen's Compensation Act for recovery by an employee for an injury suffered in the course of his employment was recently reiterated in *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (1983).

■ Although the employer in *Socha* was joined as an additional defendant, rather than being sued as an original defendant, the analysis is no less compelling under the circumstances of this case. The procedural device by which an employer is brought into a negligence action instituted by an employee is not controlling. To draw such a distinction would disregard the recognized purpose of this legislation—i.e. "... to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence." *Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 519, 412 A.2d 1094, 1097 (1980). [Citations omitted]. We hold, therefore, that the Workmen's Compensation Act deprives the common pleas courts of jurisdiction of common law actions in tort for negligence against employers and is not an affirmative defense which may be waived if not timely plead. The lack of jurisdiction of the subject matter may be raised at any time and may be raised by the court sua sponte if necessary. Pa.R.C.P. 1032(2). To the extent that prior appellate decisions have held to the contrary, they are expressly overruled.

In the instant case, the decedent's employment status was an issue presented to the jury. In the course of the trial, the Appellee testified that the decedent was working at Peerless Products from February, 1978 until his death in May, 1978. [R. 295a]. Evidence was introduced regarding the manner of payment for the work performed, the extent to which the work was supervised by John Farrell on behalf of the Appellant, and the supplier of the materials and tools required for the renovation projects. After the evidence had been developed in the Appellee's case, the trial judge reiterated that the jury would be faced with the issue of

whether the decedent was an independent contractor or an employee of the Appellant. [R. 930a].

At one point, the trial judge asked counsel if they wished that special interrogatories be directed to the jury to answer the question of whether the decedent was an employee of the Appellant. [R. 941a]. Appellant's counsel responded that he wanted special interrogatories. The record indicates that special interrogatories were proposed by the Appellant, including the question of whether the decedent was an employee. [R. 105a]. Inexplicably, however, the proposed question was not submitted to the jury. The jury was charged on the factors to be considered in determining whether David LeFlar was an independent contractor or an employee. A special interrogatory on the issue of whether David LeFlar, the additional defendant, was an independent contractor was refused. [R. 1177a].

■ As to the decedent, the trial judge charged that in determining who was his employer the jury had three choices: Gulf Creek, Peerless Products, and David LeFlar. The trial judge stated, "You may also consider whether Mr. Farrell, if he was acting for Gulf Creek or for Peerless, had the right to hire and fire Paul LeFlar and direct the work to be done and the order in which the work was to be done." [R. 1157a]. In addition to the charge on the general theory of negligence, the jury was charged also on the theory of the duty owed by a possessor of land to an employee of an independent contractor. The trial judge stated,

> ... An employer of an independent contractor is generally not liable to the injured employee of that independent contractor. The independent contractor is liable. If the risk involved in the employment arises from or is intermittently connected with defects and hazards that the independent contractor has undertaken to repair, the possessor of land is not liable unless the circumstances fall under one of these four exceptions, and similarly, the employer of the independent contractor, that is the person who hires the independent contractor is not liable unless the facts fall under one of these four exceptions. The

four exceptions are: 1) The negligent selection of the independent contractor. 2) That the fact that the activity involves peculiar risks. 3) The retention of control by the person who hires the independent contractor and 4) A dangerous condition not obvious to or discovered by the invitee. And I will explain these further. An employee of an independent contractor working on premises owned and in control of premises in control and in possession of another is a business invitee. As I told you, the possessor of land owes to the contractor's, the independent contractor's, employee as a business invitee a duty of reasonable care to make its premises safe for this invitee, and to give him adequate warning of any dangers known to the possessor of the land or which should by exercise of reasonable care be known to the possessor of the land and risks that are unknown to the employee.

[R. 1157a–1158a]. Because the jury was charged on two alternative theories which could give rise to liability for the Appellant, one involving the decedent's status as an employee, the other as an employee of an independent contractor, it cannot be determined from the verdict what jury determination was made as to his status.

For the foregoing reasons, the decision of the Superior Court is reversed insofar as it held that the Workmen's Compensation Act is an affirmative defense which may be waived. The matter is remanded to the Philadelphia Court of Common Pleas for a new trial limited solely to the issue of the status of the decedent as either an employee of the Appellant or an independent contractor.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; I would hold that the defense of the Workmen's Compensation Act is an affirmative defense which is waived if not *timely* raised. *See Mackey v. Adamski*, 286 Pa.Super. 456, 429 A.2d 28 (1981). As appellant did not raise the defense timely, I would affirm the decision of Superior Court.