## Rang v. Allentown Women's Center

*James E. Egbert,* for plaintiff.
*Aaron M. Matte,* for defendant.

BACKENSTOE, *P.J.,* May 11, 1989 — This matter is before us upon the motion of defendant, Allentown Women's Center, for summary judgment.

Plaintiff, Donna Rang, filed a complaint against the defendant on July 11, 1986. In the complaint plaintiff alleged the following facts: On or about April 15, 1985, plaintiff was a patient at the Allentown Women's Center. At that time plaintiff signed admittance forms which contained language that any procedure would be kept confidential. Whereupon, in April 1985, it is alleged the defendant, its agents, servants and/or employees violated the confidentiality of plaintiff and informed other persons about the medical services rendered.[1]

On October 14, 1986, defendant filed an answer and new matter. Almost one and one-half years later (April 12, 1988) without permission of the court or the consent of the other side, defendant filed supplemental new matter.[2] Subsequently, on August 30, 1988, defendant filed the within motion for summary judgment.

Pursuant to Pa.R.C.P. 1035, after the pleadings are closed a summary judgment may "be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] *Rossi v. Pennsylvania State University*, 340 Pa. Super. 39, 44-5, 489 A.2d 828, 831 (1985); *Green v. Juneja*, 337 Pa. Super. 460, 463, 487 A.2d 36, 38 (1985).

The first issue presented is whether defendant's statute of limitations defense is properly before this court.

1. Plaintiff contends that Barbara Bechtold (a nurse at Allentown Women's Center) informed Paul Knecht (a friend of plaintiff's) about an abortion rendered to plaintiff at the Allentown Women's Center.

2. The supplemental new matter at paragraph 11, brought up for the first time the allegation that plaintiff's claim was barred by the statute of limitations.

3. Pa.R.C.P. 1035, 42 Pa.C.S.

As stated earlier, defendant filed supplemental new matter without consent of the adverse party or by leave of court. Rule 1033 of the Pennsylvania Rules of Civil Procedure requires that, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." In *Mackey v. Adamski,* 286 Pa. Super. 456, 429 A.2d 28 (1981) the Superior Court concurred with a decision in *Grasso v. City of Philadelphia,* 89 D.&C. 136, 141 (1954) which stated:

"The city has filed a 'supplemental answer' without leave of court or without the consent of opposing counsel. Without such leave of court or consent of counsel, the answer cannot stand. See Pa.R.C.P. 1033. The city cannot sidestep these requirements by labeling its pleading as a 'supplemental answer.' The city is actually seeking to file an amended answer and the procedure outlined by our rules must be followed. See Pa.R.C.P. 1017(a)."

In the *Mackey* case it was decided that the proper way to attack an improperly amended answer is by a motion to strike. *Mackey, supra.* In the within matter plaintiff did not file a motion to strike, instead plaintiff objected to the improperly amended answer in opposing the motion for summary judgment. Therefore, the problem before us is that defendant's supplemental new matter does not comply with the Rules of Civil Procedure but plaintiff did not make the proper objection to this error.

Our research did not reveal any appellate cases which directly address the issue. However, in *Advance Building Services Company v. F&M Schaefer Brewing Company,* 252 Pa. Super. 579, 581, 384 A.2d 931, 932 (1978) the court stated that "[a]lthough the amended complaint was filed without leave of the court or consent of appellee more than

10 days after the filing of the preliminary objections, appellee waived this defect by failing to object."

Obviously, defendant should have sought court approval in amending their new matter.[4] However, it would appear that the burden is upon the opposing party to bring this error properly before the court. Since plaintiff did not raise an objection until the summary judgment motion, we are required to, in view of *Advance*, find that plaintiff waived any objections to defendant's supplemental new matter.

Accordingly, we must address whether plaintiff's invasion of privacy action is barred by the statute of limitations. In 42 Pa.C.S. §5523 an action for invasion of privacy must be commenced within one year.[5] Clearly, since plaintiff waited 14 months prior to commencing this action, an action for invasion of privacy is barred.

However, plaintiff also alleges that she has an action for negligent infliction of emotional distress, which is not barred by the statute of limitations.[6]

Under Pennsylvania law "there can be no recovery for negligently inflicted mental or emotional distress in the absence of attendant physical injury

---

4. We note that the court has discretion to grant or deny an amended pleading and amendments should be allowed with great liberality at any stage of the case unless they violate law or prejudice rights of the opposing party. *Gutierrez v. Pennsylvania Gas and Water Co.*, 352 Pa. Super. 282, 507 A.2d 1230 (1986).

5. "§5523. *One-year limitation* —

"The following actions and proceedings must be commenced within one year —

"(1) An action for libel, slander or invasion of privacy."

6. In plaintiff's brief she alleges the applicable statute of limitation section is 42 Pa.C.S. §5523. Since this is a one-year statute of limitation and it does not address an action for negligence, we do not believe plaintiff intended to use this section. Instead, we believe plaintiff intended to use 42 Pa.C.S. §5524 which requires a negligence action to commence within two years.

to the person of the claimant." *Houston v. Texaco Inc.*, 371 Pa. Super. 399, 405, 538 A.2d 502, 508 (1988). From the record before us it is undisputed that plaintiff did not suffer any physical injuries. The injuries plaintiff alleged were, "I [plaintiff] have suffered emotions and psychological trauma because of constant fear of co-workers and employer being told of my abortion."

For the foregoing reasons plaintiff is barred from asserting a claim for invasion of privacy and negligent infliction of emotional distress. Consequently, defendant's motion for summary judgment is granted.

### ORDER

Now, this May 11, 1989, upon consideration of defendant's motion for summary judgment, the briefs filed by the attorneys and following oral argument upon the matter, it is hereby ordered that the said motion is granted.