**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2239
_____

CAROLE MALLORY,
                            Appellant

v.

SIMON & SCHUSTER, INC.;
J. MICHAEL LENNON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-05702)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2018
Before:  SHWARTZ, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: March 29, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Carole Mallory appeals the District Court's order granting

summary judgment to defendants.  We will affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In June 2015, Mallory filed a fourth amended complaint in the United States District Court for the Eastern District of Pennsylvania against defendants Simon & Schuster, Inc. ("S&S") and J. Michael Lennon for: (1) defamation; (2) defamation per se; (3) false light; and (4) commercial disparagement-injurious falsehood. Mallory's allegations arise from a 2013 biography titled Norman Mailer: A Double Life ("the Biography"), which was published by S&S and written by Lennon. Mallory, who engaged in an eight year affair with Mailer, claims that the Biography discusses her relationship with Mailer, even though she was never contacted to review the book prior to publication, and mischaracterizes her relationship with Mailer as "strictly sexual" when in fact the two were in a "long-time, loving relationship."

In July 2015, the defendants filed a motion to dismiss Mallory's complaint, which the District Court granted in part and denied in part. The District Court dismissed Mallory's disparagement-injurious falsehood claim in its entirety, and found that five out of seven categories of statements Mallory relied on to support her defamation claim were incapable of defamatory meaning. Following discovery, defendants filed a motion for summary judgment. By order entered on May 9, 2017, the District Court granted defendants' motion, concluding that Mallory had not shown that defendants acted with actual malice in publishing the Biography. Mallory subsequently filed a motion for reconsideration, which the District Court denied by order entered on July 6, 2017.

Mallory appeals the District Court's order granting summary judgment to defendants, arguing primarily that the District Court erred by: (1) applying the actual malice standard to her claims because she is no longer a public figure; and (2) finding

2

that she failed to show actual malice. Mallory also appears to be challenging the District Court's dismissal of her commercial disparagement-injurious falsehood claim.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's grant of summary judgment to defendants. Mallory devotes much of her appellate brief to challenging the correctness of the District Court's denial of her motion for reconsideration. Because Mallory failed to file a new or amended notice of appeal embracing that order, we lack jurisdiction to review it. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008). We exercise a plenary standard of review of the District Court's decision granting summary judgment. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

> To state a claim for defamation under Pennsylvania law, Mallory must prove:
>
> (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding by the recipient of it as intended to be applied to the plaintiff. (6) Special harm resulting to the plaintiff from its publication. (7) Abuse of a conditionally privileged occasion.

Joseph v. Scranton Times, L.P., 129 A.3d 404, 424 (Pa. 2015) (quoting 42 Pa. Const. Stat. Ann. § 8343(a)). "[A]n opinion cannot be defamatory unless it 'may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion.'" Remick v. Manfredy, 238 F.3d 248, 261 (3d Cir. 2001) (quoting Baker v. Lafayette Coll., 532 A.2d 399, 402 (Pa. 1987)). Truth is an affirmative defense. See 42 Pa. Cons. Stat. Ann. § 8343(b)(1); Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (internal citations omitted) ("A defendant may avoid liability for defamation if it

3

shows that its statements were 'substantially true.'"). When a limited purpose public figure[1] sues for defamation, the plaintiff must also prove both that the statements were false and that they were made with "actual malice." Marcone v. Penthouse Int'l Magazine for Men, 754 F.2d 1072, 1087 (3d Cir. 1985) (citing N.Y. Times v. Sullivan, 376 U.S. 254, 279-80 (1964)).

Actual malice is present when a statement is made "with knowledge that it was false or with reckless disregard of whether it was false or not." Sullivan, 376 U.S. at 280. Reckless disregard "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." St. Amant v. Thompson, 390 U.S. 727, 731 (1968). Rather, there must be sufficient evidence "that the defendant in fact entertained serious doubts as to the truth of his publication." Id. "The question whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law." Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657, 685 (1989).

On appeal, Mallory argues that while she may have been a public figure at one time, she is now a private citizen, and thus the malice standard does not apply to her. However, in the District Court, Mallory expressly conceded that she is a limited purpose public figure for the purposes of this case. She therefore cannot argue to the contrary now. See Erdman v. Nationwide Ins. Co., 582 F.3d 500, 507 n.2 (3d Cir. 2009) (holding

---

[1] "[A] limited purpose public figure is 'an individual [who] voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues.'" Marcone v. Penthouse Intern. Magazine for Men, 754 F.2d 1072, 1082 (3d Cir. 1985) (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1974)).

4

that plaintiff waived argument on appeal by conceding the point at issue in district court); Blanyar v. Genova Prods. Inc., 861 F.3d 426, 431 n.6 (3d Cir. 2007) (holding because appellants conceded legal issue in district court, issue was waived on appeal).

We agree with the District Court that Mallory's claims that the Biography defames her by stating that she was a "star seducer" and that she "picked up" men must fail. The statement that Mallory "picked up" men comes from her own memoir, Loving Mailer, in which she stated that "[b]ecause of my looks I'd picked up Bobby De Niro, Sean Connery, Richard Gere, Peter Sellers, Matt Dillon, Marcello Matroianni, Warren Beatty, Rod Stewart, Clint Eastwood, and Rip Torn." Carole Mallory, Loving Mailer 24 (2009). As a result, this statement is "substantially true." See 42 Pa. Cons. Stat. Ann. § 8343(b)(1); Graboff, 744 F.3d at 136. Further, the term "star seducer" is based on this same statement from Mallory's memoir, and is thus either substantially true or non-actionable opinion. See Remick, 238 F.3d at 261. Regardless, we conclude that Mallory has not set forth sufficient evidence showing that defendants act with actual malice when publishing these statements in the Biography.

Mallory also claims that the Biography defames her by stating that Mailer said that "[s]he was totally on the make." Were Mallory accurately representing the record, this could potentially raise a triable issue even under an actual-malice standard. However, Lennon's deposition transcript contradicts Mallory's assertion that "Mr. Mailer was actually talking about a Ms. Millie Brower, not the Plaintiff." Br. at 7. Instead, it appears that Lennon's only misstatement on this point in the Biography is that Mailer was asked specifically about Mallory, when, according to the deposition testimony, Mailer

5

was asked about Brower and then responded with a reference to Mallory. See Dist. Ct. Dkt. 107-1 at 60. That minor inconsistency cannot sustain a defamation claim. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991); St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1316 (3d Cir. 1994); Menkowitz v. Peerless Publ'ns, Inc., 176 A.3d 968, 978 (Pa. Super. Ct. 2017).

Finally, Mallory contends that Lennon's failure to contact her before publishing the Biography demonstrates his "reckless disregard for the truth," i.e., actual malice. Specifically, Mallory claims that had Lennon made an effort to interview her, she would have informed him that the statements were false. However, a "failure to investigate, standing alone, does not constitute actual malice." Tucker v. Fischbein, 237 F.3d 275, 286 (3d Cir. 2001). Moreover, the undisputed evidence in this case shows that Lennon thoroughly investigated Mailer's life, interviewing approximately 85 people. Because Lennon was a close friend of and worked with Mailer, he had access to "key individuals" to write the book. For information regarding the relationship between Mallory and Mailer, Lennon relied on Mallory's memoir, personal correspondence, and interviews with people who had known about their relationship. As a result, Mallory has not identified any evidence from which a reasonable jury could find defendants were on notice that the statements made in the Biography were false.[2]

---

[2] Summary judgment was equally proper with regard to Mallory's defamation per se and false light claims, as she has not shown that defendants acted with actual malice in publishing the statements in the Biography. See Marcone, 754 F.2d at 1087; Rubin v. CBS Broad. Inc., 170 A.3d 560, 568 n.9 (Pa. Super. Ct. 2017). To the extent that Mallory claims that the District Court erred in dismissing her commercial disparagement-injurious falsehood claim, we agree with the District Court that she failed to plead what,

6

For the foregoing reasons, we will affirm the District Court's judgment. Mallory's motion to supplement the record is denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances").

---

if any, pecuniary loss resulted from the publication of the Biography. See Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co., 809 A.2d 243, 246 (Pa. 2002).