NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2951
_____

SNJEZANA JELACA BAGIC, DDS,
Appellant

v.

UNIVERSITY OF PITTSBURGH;
BERNARD J. COSTELLO, DMD, MD, individually,
and in his official capacity as Associate Dean for Faculty Affairs
of the University of Pittsburgh School of Dental Medicine
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cv-0511)
District Judge:  Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
June 3, 2019

Before:   SMITH, *Chief Judge*, JORDAN, and MATEY, *Circuit Judges.*

(Filed: June 11, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Snjezana Bagic appeals the District Court's dismissal of her complaint under 42 U.S.C. §§ 1981 and 1983 alleging ethnic discrimination. For the reasons that follow, we will vacate and remand.

## I. BACKGROUND[1]

Beginning in 2008, Bagic was an instructor and faculty member at the University of Pittsburgh's School of Dental Medicine (the "University" or "Dental School"). Long before that, in the early 1990s, she had fought in what she calls "the Patriotic War in Croatia." (App. at 79.) At some point after she began working at the University, she came into conflict with her colleague Sean Noonan, an Assistant Professor at the Dental School. Bagic became concerned that Noonan had been "abus[ing] his privileges as a faculty member," so, "on more than one occasion, [she] made complaints and/or informed" her Department Chair about Noonan's actions. (App. at 77-78.) Bagic also personally raised her concerns with Noonan.

As a result of their dispute, "Noonan undertook a settled plan for the purpose of discrediting Bagic and preventing [her] from interfering with his activities." (App. at 78.) To that end, "Noonan falsely stated to several University related individuals that Bagic threatened to kill him." (App. at 79.) Specifically, "Noonan alleged to University personnel that Bagic [had] indicated [that] she had killed before in the war and would kill

---

[1] The facts are based upon Bagic's amended complaint, with all reasonable inferences drawn in her favor. *See Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) ("When considering a Rule 12(b)(6) motion, we 'accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff[.]'" (citation omitted)).

him." (App. at 79.) And Noonan asked Bagic, in front of University faculty members, if "she was armed[.]" (App. at 79 (quotation marks omitted).)

Noonan's allegations resulted in an investigation, and another faculty member, Bernard Costello, was tasked with investigating the alleged threats. According to Bagic, however, Costello "undertook a biased investigation" "with a predetermined result." (App. at 79.) That bias was in part proven, she says, by handwritten notes from that investigation showing an emphasis on her ethnicity and her time on "the front lines" of the Croatian war. (App. at 81 (quotation marks omitted).) The investigation led to Costello "falsely represent[ing] [to the University] that Bagic had admitted on several occasions to threatening to kill Noonan[.]" (App. at 80.) Following the investigation, the University terminated Bagic's employment.

She then pursued an internal appeal. The hearing panel assigned to the appeal recommended, and the University Chancellor found, that: (1) "[t]he information provided by Costello to [the University] was not reliable;" (2) "Costello's investigation was flawed;" (3) "[t]he Dental School was unable to establish Bagic had threatened to kill Noonan;" (4) "Bagic's termination was unreasonable;" and (5) "Bagic's alleged threats to kill Noonan could not be substantiated." (App. at 81.) Nonetheless, the University refused to reinstate Bagic.

Bagic then filed suit in the United States District Court for the Western District of Pennsylvania, claiming that the University and Costello (the "Defendants") discriminated against her on the basis of her Croatian ethnicity, in violation of 42 U.S.C. § 1981. The Defendants moved to dismiss Bagic's claim and that motion was granted, but Bagic was

3

given leave to amend. She did so,[2] and the Defendants again moved to dismiss. Attached to that motion were excerpts from the University internal appeal proceeding and Costello's investigation. Based on those documents and the allegations in Bagic's complaint, the District Court concluded that Bagic had failed to adequately plead discrimination based on her Croatian ethnicity, despite observing that it was "somewhat unclear what the specific threat [made by Bagic] was" and that Costello's references to her time "'on the front lines' in the Croatian war seemingly would indicate a bias against her on the basis of her ethnicity[.]" (App. at 8 n.2, 10 (citation omitted).)

Bagic timely appealed.

## II.   DISCUSSION[3]

Invoking 42 U.S.C. §§ 1981 and 1983, Bagic alleges that, based on Costello's biased investigation, the University terminated her employment because of her ethnicity. To establish a right to relief, Bagic "must show … an intent to discriminate on the basis of race by the defendant[.]"[4] *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569

---

[2] In her amended complaint, Bagic made clear that her claims were under both 42 U.S.C. §§ 1981 and 1983.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review of a district court's decision to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Blanyar*, 861 F.3d at 431.

[4] In all, Bagic "must show (1) that [s]he belongs to a racial minority;" (2) discriminatory intent; "and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts." *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002) (citations and internal quotation marks omitted). Ethnicity is covered by the category of race. *See e.g.*, *Fisher v. Univ. of Texas at Austin*, 570 U.S. 297, 310 (2013) (discussing equal protection claims,

4

(3d Cir. 2002) (citation and internal quotation marks omitted). But she is not required to prove discriminatory intent at the motion to dismiss stage, rather she "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of [it]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation and internal quotation marks omitted).

The District Court concluded that Bagic's allegations were "wholly unsupported" (App. at 8), and that she failed to "set forth sufficient allegations, beyond mere conclusory and speculative statements, that her Croatian ethnicity was the basis for the University's actions." (App. at 7.) But the pleadings and associated documents paint a different picture, if viewed from Bagic's perspective. It appears that, at the pleading stage, enough has been alleged to raise a question of fact about the severity of her supposed threat, and the District Court failed to draw reasonable inferences in her favor.

A.   ***The District Court Erred in Granting the University's Motion to Dismiss***

Bagic argues that the District Court, in granting the University's motion to dismiss, "improperly weighed evidence" and "ignored … evidence … that no threat ever occurred." (Opening Br. at 13.) We agree that the Court did not give her allegations their due.

When considering a dismissal pursuant to Rule 12(b)(6), "we must accept as true all plausible facts alleged in [the plaintiff's] complaint and draw all reasonable inferences in her favor[,]" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 131 (3d Cir.

---

"any official action that treats a person differently on account of his race or ethnic origin is inherently suspect" (citation omitted)).

5

2016), "constru[ing] the complaint in the light most favorable to [her.]" *Blanyar v. Genova Prod. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (citation and internal quotations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (citation omitted)). A district court may not "weigh[] the credibility of the parties' positions on" "a question of disputed material fact[]" at the motion to dismiss stage, but rather "should … le[ave] such considerations to a jury." *Anjelino v. New York Times Co.*, 200 F.3d 73, 97 (3d Cir. 1999).

Here, there was a question of fact pertaining to whether Bagic threatened Noonan's life. Based on certain excerpts from the record of the University's internal appeal,[5] the District Court said that Bagic admitted to "Costello that she had threatened her colleague." (App. at 8.) We do not read the record that way, and perhaps the District Court actually does not either, at least not that starkly. The Court acknowledged that, after "[v]iewing this sworn testimony … in the light most favorable to Plaintiff, it *seems* there may have been a misunderstanding[,]" as Bagic "may have been trying to explain that her 'threat' towards Dr. Noonan was [only] a threat to write a letter of complaint about him." (App. at 8 n.2 (emphasis added).) Nevertheless, despite it being "somewhat

---

[5] Those excerpts were attached in support of Defendants' Motion to Dismiss and were central to and referenced in Bagic's complaint. Thus, the District Court did not err in its consideration of those documents. *See Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 291 (3d Cir. 2014) ("[D]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." (citation and internal quotation marks omitted)). Bagic concedes that "the law clearly allows the District Court to review th[o]se documents." (Reply Br. at 3-4.)

6

unclear what the specific threat was[,]" the Court concluded that it could not "find that Dr. Costello's actions in recommending the termination of Plaintiff's contract were the result of purposeful discrimination." (App. at 8 n.2.) There are two problems with that conclusion.

First, the resolution of "what the specific threat was" is a material question of fact that should have prevented dismissal. *See Anjelino*, 200 F.3d at 97 (concluding that the district court, on a motion to dismiss, improperly weighed the credibility of the parties' positions on a disputed material fact); *Marks v. CDW Comput. Ctrs., Inc.*, 122 F.3d 363, 367 (7th Cir. 1997) (stating that whether plaintiffs had sufficient information to put them on notice of their claims is a question of fact and is "often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6)"). The District Court explicitly noted the ambiguity regarding the threat, but did not recognize its import. Bagic alleges that Costello reported her statements as a legitimate threat against Noonan "solely based on her Croatian nationality and background[,]" and that, upon learning of that allegation, others at the University "would jump to the conclusion that as a Croatian, [she] would be likely to harm a staff member[.]" (App. at 82.) Therefore, if the threat was indeed falsely reported, its propagation throughout the University's investigation and subsequent appellate procedures raises a question of discriminatory intent. And, lest we forget, the hearing panel on the University's internal appeal recommended, and the Chancellor found, that the existence of a death threat was unsubstantiated. The false accusation of a death threat, exaggerated from a mere professional complaint, may be a symptom of deep

7

animus based on Bagic's ethnicity, and, depending on other evidence, could bolster Bagic's claim.

Second, to the extent there was ambiguity about the nature of Bagic's threat, the District Court was required to draw all inferences in her favor.[6]  Similarly, Costello's emphasis on Bagic's time fighting in Croatia could lead to an inference in Bagic's favor. As the District Court said, the notes "*seemingly* would indicate a bias against her on the basis of her ethnicity[.]" (App. at 10 (emphasis added).)  At the pleading stage, she's entitled to the benefit of that inference.  It was error for the Court to go on and say, "viewed in context … the notes *seem* to merely be references to the actual subjects discussed[.]"[7]  (App. at 10 (emphasis added).)   When considering a motion to dismiss, a district court cannot weigh competing inferences and forgo drawing a reasonable one in the plaintiff's favor.[8]

---

[6] The complaint's allegations regarding the University's internal appeal findings can support the conclusion that Bagic's alleged threat was a permissible professional complaint.  For example, based on the University Hearing Panel's findings, a fact-finder in this case could conclude that: (1) Costello was unreliable; (2) "Bagic's alleged threats to kill Noonan could not be substantiated" and (3) that her "termination was unreasonable[.]" (App. at 81.)  Thus, after the University concluded that the alleged threat to kill was unfounded – and the threat is alleged to be the only reason offered for the termination – one might anticipate that Bagic would be reinstated.  The University, however, "refused to reinstate Bagic's employment contract[.]" (App. at 81.)  Again, at the pleading stage, with all inferences drawn in her favor, Bagic can properly argue that the stated reason was therefore not the real reason for her firing.

[7] That context being solely the documents attached to the University's motion to dismiss.  *See supra* note 5.

[8] Nothing in this opinion prevents the defendants from raising on remand arguments about the reach of § 1983 or other arguments previously raised in the District Court (*see* App. at 7 n.1, District Court Opinion ("Because the Court has found that

8

## III. CONCLUSION

For the foregoing reasons, we will vacate and remand the District Court's dismissal of Bagic's complaint.

---

Plaintiff has failed to state a claim of purposeful discrimination, the Court has not considered the other arguments raised by Defendant regarding whether Dr. Costello is a state actor and whether Plaintiff's Amended Complaint is time-barred.")), and we imply nothing about the merit any such arguments may have.