**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3561
_____

DANIEL WARREN,
                                        Appellant

v.

PRIMECARE MEDICAL INC.; CARL HOFFMAN, JR.; REBECCA F. DAVIS;
DANIEL R. HOFFMAN; DEBORAH WILSON; THOMAS C. CREIGHTON, III;
GEOFF BRACE; JANINE DONATE; JENNIFER SANCHEZ; PERCY DOUGHERTY;
CINDY EGIZIO; MICHAEL SCHWARE; AMANDA HOLT; DAVID S. JONES; VIC
MAZZIOTTI; TOM MULLER; LISA SCHELLER; EDWARD SWEENEY; CAROL
SOMMERS; KURT STAMETZ; BRAD OSBORNE; LEHIGH COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-16-cv-00643)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted September 7, 2022
Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*.

(Filed: September 15, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

Daniel Warren appeals two final orders entered by the District Court. For the reasons that follow, we will affirm.

I

While incarcerated at Lehigh County Jail in July 2015, Warren sought medical care for painful swelling and a bump on his leg. He twice approached correctional officer Jennifer Sanchez, who contacted the Jail's medical department—overseen by PrimeCare Medical—both times. Warren was taken to the Jail's medical department the next day and evaluated by another nurse, who documented a small, unopened lesion, and a large area of swelling on his calf. Medical staff prescribed antibiotics and Tylenol for "possible cellulitis" and checked Warren daily. App. 884–86. Warren alleges that over the next three days, "there [were] no signs of improvement" and his swelling and fever "progressed and got worse" until the Jail's medical staff finally sent him to the hospital. App. 200. Warren was treated for Methicillin-resistant Staphylococcus aureus (MRSA) and his leg abscess was drained. The hospital discharged him with instructions to "pack his [leg] wound" with gauze, which would be "removed and re-packed with fresh gauze" daily until the wound healed. App. 205–06. The Jail's medical staff did just that, dressing Warren's wound daily with tight packing. When the wound failed to heal completely after three weeks, the Jail's medical staff sent Warren for a specialized wound-care consultation.

In February 2016, Warren filed a pro se Complaint against PrimeCare, Lehigh County, and various individuals alleging negligence and constitutional violations. *See* App. 27–51. Claims against some Defendants were dismissed early in the proceedings, either with Warren's consent or through uncontested motions to dismiss. *See* App. 78, 79. Warren filed an Amended Complaint and Second Amended Complaint in response to later motions to dismiss. *See* App. 80, 93, 162, 193. In August 2017, the District Court dismissed with prejudice Warren's claims against most remaining Defendants, leaving only: (1) state-law claims against PrimeCare and Dr. Deborah Wilson; and (2) state and federal law claims against correctional officers Jennifer Sanchez and Kurt Stametz. *See* App. 321, 344. In December 2019, the District Court granted summary judgment to those four Defendants on all remaining claims against them, except for the federal claims against the correctional officers. *See* App. 935, 968. The federal claims against Sanchez and Stametz, as well as cross-claims the officers had asserted against PrimeCare, were dismissed by the District Court, under a settlement. *See* App. 10. This appeal followed.

## II[1]

Warren appeals two District Court decisions. First, he appeals the summary judgment for PrimeCare and Wilson on his state law negligence claim. Second, he

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's orders dismissing Warren's claims and granting summary judgment. *Bruni v. City of Pittsburgh*, 941 F.3d 73, 82 (3d Cir. 2019); *Blanyar v. Genova Prods., Inc.*, 861 F.3d 426, 431 (3d Cir. 2017).

appeals the order dismissing his § 1983 claims against PrimeCare, Wilson, Rebecca Davis, Daniel Hoffman, and Carl Hoffman (together, the PrimeCare Defendants).

A

Warren's first assignment of error involves his failure to produce any expert evidence. "Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997)). But as Warren points out, there is an exception to that rule. "Expert medical evidence is not required to prove a claim for medical malpractice under Pennsylvania law when the lack of care is so obvious that it is 'within the range of experience and comprehension of non-professional persons.'" Warren Br. 18 (citation omitted).

The District Court correctly held that the exception does not apply to Warren's case. On this record, it is not obvious that PrimeCare or Wilson violated either the applicable standard of care or internal policies. Warren complains of PrimeCare's failure to treat him urgently, its delay in culturing his unopened lesion, and its method of packing his drained abscess. None of these alleged mistakes is obviously deficient to a layperson. Only an expert is qualified to opine about whether PrimeCare physicians and nurses "failed to employ the requisite degree of care and skill" in treating Warren. *Toogood*, 824 A.2d at 1150 (citing *Brannan v. Lankenau Hosp.*, 417 A.2d 196 (Pa.

4

1980); *Bierstein v. Whitman*, 62 A.2d 843 (Pa. 1949)). In fact, three doctors gave expert testimony that no standard of care was violated. So the District Court did not err in granting summary judgment on his state law negligence claim.

B

Warren also contends that he sufficiently pleaded the PrimeCare Defendants' deliberate indifference to his medical needs, in violation of his Eighth and Fourteenth Amendment rights. *See* 42 U.S.C. § 1983; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). We have held that "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). We agree with the District Court that Warren did not meet this high standard.

Warren alleged that PrimeCare violated its "stated polices for detection and treatment of MRSA" by "fail[ing] to adequately supervise medical staff and correctional officers to ensure those policies were implemented." Warren Br. 29. Yet his Second Amended Complaint concedes that PrimeCare's medical staff (1) met with him and treated his medical condition several times, and (2) provided him with prescription antibiotics and Tylenol. At most, Warren's allegations amount to medical malpractice; they are insufficient to establish a constitutional violation. *Pearson*, 850 F.3d at 535–36; *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In short, Warren's "mere disagreement as to the proper medical treatment" does not entitle him to relief under

§ 1983. *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).[2]

Because Warren did not plead facts that support a finding of deliberate indifference, the District Court did not err in dismissing his § 1983 claim against the PrimeCare Defendants.

\* \* \*

We will affirm the orders of the District Court for the reasons stated.

---

[2] Warren's failure to plead a constitutional violation dooms his supervisory liability claim against Carl Hoffman, Daniel Hoffman, and Rebecca Davis. *See Sample v. Diecks*, 885 F.2d 1099, 1116–17 (3d Cir. 1989). The same is true of his claim against PrimeCare. *See Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003).