**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1767
_____

POLYSCIENCES, INC.

v.

JOSEPH T. MASRUD; MATHEW W. GRIFFIN; SEROCHEM, LLC

Mathew W. Griffin, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-03649)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2023

Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: May 11. 2023)
_____

OPINION[*]
_____

PER CURIAM

Mathew Griffin appeals pro se from the District Court's order dismissing his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

counterclaims against his former employer, Polysciences, Inc., and a Polysciences employee. For the reasons set forth below, we will affirm in part and vacate in part the District Court's judgment.

I.

Polysciences, a chemical manufacturing company, initiated this action against a former employee, Joseph Masrud, and later filed an amended complaint adding Griffin and Serochem LLC as defendants. According to Polysciences, Masrud and Griffin misappropriated trade secrets and confidential information in developing a competing line of transfection reagent products for distribution through Serochem. As is relevant for purposes of this appeal, Griffin answered the amended complaint and asserted a counterclaim against Polysciences for abuse of process, as well as a defamation counterclaim against Polysciences and one of its employees, Scott Knorr.

Polysciences and Knorr moved to dismiss Griffin's counterclaims under Federal Rule of Civil Procedure 12(b)(6), arguing that Griffin failed to state a claim of abuse of process, that his defamation claim was barred by the statute of limitations, and that Griffin's counterclaim against Knorr was improper because Knorr was not a party to the action. The District Court agreed with Polysciences and Knorr that Griffin failed to state a claim of abuse of process and that his defamation claim was time-barred and dismissed Griffin's counterclaims.[1] Griffin appealed and subsequently requested entry of judgment

---

[1] Having dismissed Griffin's only claim against Knorr on statute-of-limitations grounds, the District Court did not reach the argument that Griffin's counterclaim against Knorr

under Federal Rule of Civil Procedure 54(b).  The District Court granted that request and certified its order dismissing Griffin's counterclaims for immediate appeal.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[2]  We exercise plenary review over the District Court's order dismissing Griffin's counterclaims under Rule 12(b)(6).  See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 282 n.7 (3d Cir. 2000).  To survive dismissal, a complaint must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## III.

First, the District Court properly dismissed Griffin's abuse-of-process claim.  A litigant alleging abuse of process must demonstrate that the defendant "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff."  Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. Ct. 2002) (quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998)).  Here, Griffin alleged that Polysciences initiated this action and added him as a defendant despite being aware that its lawsuit is meritless,

was improper.

[2] Although Griffin's notice of appeal was premature, it ripened when the District Court entered its final judgment with respect to Griffin's counterclaims pursuant to Rule 54(b). See Cape May Green, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) (noting that we have "held that [a Rule 54(b)] certification filed after a notice of appeal had been docketed was adequate to confer appellate jurisdiction").

3

served him with an overbroad subpoena, and filed a motion to compel against him, all for the purpose of harassing Griffin and stopping Serochem's legitimate competition with Polysciences. We agree with the District Court, however, that Griffin's allegations are too conclusory to support a claim of abuse of process.

Namely, while Griffin clearly disagrees with Polysciences regarding the merits of its lawsuit, he failed to sufficiently allege that its utilization of the litigation process has been "so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 308 (3d Cir. 2003) (citation and internal quotation marks omitted). Moreover, with respect to Griffin's allegations related to Polysciences' serving him with a subpoena and motion to compel, it is clear that Griffin has information relevant to Polysciences' claims, and the Pennsylvania Superior Court has cautioned against "permit[ting] a cause of action for abuse of process for service of a subpoena upon a witness to obtain relevant information possessed by the witness." Rosen v. Am. Bank of Rolla, 627 A.2d 190, 194 (Pa. Super. Ct. 1993). Regarding Griffin's allegations that the initiation of this lawsuit and his addition as a defendant constituted abuse of process, abuse-of-process claims pertain to a perversion of the litigation process *after* it has been initiated, and not to the initiation of the process itself. See McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987).[3]

---

[3] Pennsylvania law provides a separate cause of action, wrongful or malicious use of civil process, pertaining to the initiation of civil proceedings. To state a claim of wrongful or malicious use of civil process, a litigant must demonstrate, inter alia, that the proceedings at issue terminated in his or her favor. See 42 Pa. Cons. Stat. § 8351(a)(2); Publix Drug

Accordingly, we agree with the District Court that Griffin failed to state a plausible abuse-of-process claim that could withstand the motion to dismiss.

However, we disagree with the District Court's decision to dismiss Griffin's defamation claim on statute-of-limitations grounds. An action for defamation or slander under Pennsylvania law is subject to a one-year statute of limitations. 42 Pa. Cons. Stat. § 5523(1). But as the District Court noted, Pennsylvania's discovery rule "toll[s] the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." Fine v. Checcio, 870 A.2d 850, 859 (Pa. 2005). Here, Griffin alleged that, in September 2019, Knorr falsely informed other Polysciences employees that Griffin had disclosed Polysciences' trade secrets. Griffin does not dispute that his defamation counterclaim, which was filed in July 2021, well over a year after Knorr's statements were made, was facially untimely. He argues, however, that he did not learn of Knorr's statements until February 2021 through discovery in this action, and that the District Court erred in concluding, at the motion-to-dismiss phase, that the discovery rule does not apply to toll the limitations period. We agree.

---

Co. v. Breyer Ice Cream Co., 32 A.2d 413, 415 (Pa. Super. Ct. 1943) (defining the common law cause of action); Raynor v. D'Annunzio, 243 A.3d 41, 52-53 (Pa. 2020) (noting that § 8351 is a codification of the common law cause of action for wrongful or malicious use of civil proceedings). As these proceedings are ongoing, Griffin cannot make out a plausible claim of wrongful or malicious use of process.

5

Namely, where a time-bar "is not apparent on the face of the complaint, . . . it may not afford the basis for a dismissal . . . under Rule 12(b)(6)." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (citation and internal quotation marks omitted). In applying Pennsylvania's discovery rule, moreover, we have noted that "the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue best determined by the collective judgment, wisdom and experience of jurors." Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) (internal quotation marks omitted) (quoting Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000)). "[O]nly where the facts are so clear that reasonable minds *cannot differ* may the commencement of the limitations period be determined as a matter of law." Id.; see also Blanyar v. Genova Prods. Inc., 861 F.3d 426, 433 (3d Cir. 2017) (describing similar standard).

Here, the District Court reasoned that after Griffin received a letter from Polysciences' attorneys in September 2019 reminding him of his confidentiality obligations and advising him to contact the company's human resources director to better understand them, he should have been aware that someone at the company claimed that he had shared confidential information and undertaken further investigation. Thus, the District Court concluded that Griffin was not reasonably diligent in failing to discover Knorr's statements sooner. Although that may well be the case, we cannot say at this juncture that reasonable minds *cannot differ* regarding the time at which Griffin reasonably should have discovered Knorr's statements. Thus, we tend to agree with Griffin that "[r]equiring [him] to make a showing of reasonable diligence was premature"

6

at the motion-to-dismiss stage. <u>Schmidt</u>, 770 F.3d at 252. We will therefore vacate the District Court's dismissal of Griffin's defamation claim.[4]

Accordingly, we will affirm the District Court's judgment in part and vacate it in part.

---

[4] We express no opinion on the merits of Griffin's claim, as the parties did not brief the issue on appeal or before the District Court, nor did the District Court consider it below. Regarding the Appellees' argument below that Knorr was improperly named in Griffin's counterclaim, we note that while Federal Rule of Civil Procedure 13 does contemplate counterclaims "against an opposing party," the Rule also provides that Federal Rules of Civil Procedure 19 and 20—which pertain to joinder of parties—"govern the addition of a person as a party to a counterclaim or crossclaim." <u>See</u> Fed. R. Civ. P. 13(a), (b), & (h). In his opposition to the motion to dismiss, Griffin contended that joinder of Knorr was appropriate under Rules 13(h) and 20. But having dismissed Knorr from the action upon concluding that Griffin's defamation claim was time-barred, the District Court concluded that the issue of its jurisdiction over Griffin's counterclaim against Knorr was moot. Because a decision regarding joinder of parties is left to the discretion of the District Court, <u>see</u> <u>Hagan v. Rogers</u>, 570 F.3d 146, 152 (3d Cir. 2009), we leave it to the District Court to rule on the issue in the first instance on remand.